UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

LEONARD JONES,

Defendant.

Case No. 2:14-cr-0344-KJD-PAL
2:16-cv-1396-KJD

ORDER

Presently before the Court is Petitioner Leonard Jones's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#42/44/64). The Government filed responses in opposition and supplements (#48/54/66) to which Petitioner replied (#50/60/67).

I. Background

Jones pled guilty to a single count of carrying and use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c), specifically the interference with commerce by robbery ("Hobbs Act Robbery") charged in Count Three of the indictment. This Court sentenced Jones to 120 months of imprisonment, to be served consecutively to a state court sentence, followed by five years of supervised release. In the instant motion, Jones moves to vacate his § 924(c) conviction and sentence pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319, 2336 (2019) , and requests that the court vacate his conviction.

II. Analysis

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). When a petitioner seeks relief pursuant to a right recognized by a United States Supreme Court decision, a one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially

recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The petitioner bears the burden of demonstrating that his petition is timely and that he is entitled to relief.

In Johnson, the United States Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. 135 S. Ct. at 2557. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B). Subsection (ii) above is known as the ACCA's "residual clause." Johnson, 135 S. Ct. at 2555-56. The Supreme Court held that "increasing a defendant's sentence under the clause denies due process of law." Id. at 2557.

Jones was not, however, sentenced pursuant to ACCA. Rather, he was convicted of violating 18 U.S.C. § 924(c) for carrying and use of a firearm during and in relation to a crime of violence. Section 924(c)(3) provides:

> the term "crime of violence" means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

As with the ACCA, subsection (A) is referred to as the force or elements clause while subsection (B) is referenced as the residual clause. Jones argues that Johnson is equally applicable to § 924(c) cases and that his instant motion is timely as it was filed within one year of Johnson. The Ninth Circuit, however, subsequently held to the contrary. When Jones filed his present motion, "[t]he Supreme Court [had] not recognized that § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment." United States v. Blackstone, 903 F.3d 1020, 1028 (9th Cir. 2018). As indicated by the Ninth Circuit, "[t]he Supreme Court may hold in the future that Johnson extends to sentences imposed ... pursuant to 18 U.S.C. § 924(c), but until then

[defendant's] motion is untimely." Id. Accordingly, Jones's motion was premature when it was filed.

The Supreme Court has, however, subsequently applied the principles first outlined in Johnson to the residual clause of § 924(c), holding "that § 924(c)(3)(B) is unconstitutionally vague." Davis, 139 S. Ct. at 2336. Accordingly, while Jones's motion was premature when it was filed, the Court will now consider the motion as timely given the Supreme Court's decision in Davis, extending the principles of Johnson to § 924(c), and will treat the motion as if filed seeking relief pursuant to Davis.

A. Hobbs Act Robbery

Jones asserts that his conviction is not subject to the provisions of § 924(c)(3) because the crime (Hobbs Act Robbery) underlying his 924(c) conviction does not constitute a "crime of violence." He argues that his § 924(c) conviction and sentence is unconstitutional under Davis because a Hobbs Act Robbery cannot constitute a crime of violence without relying on the unconstitutional residual clause. The court disagrees.

Jones argues that a Hobbs Act Robbery cannot categorically fall under the force or elements clause of § 924(c)(3)(A) because a Hobbs Act Robbery can be committed by any amount of force necessary to accomplish the taking, it does not necessarily require the use of violent force. Prior to the Supreme Court's holding in Davis, the Ninth Circuit held that Hobbs Act "[r]obbery indisputably qualifies as a crime of violence" under § 924(c). United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993). In 2016, the Ninth Circuit was confronted with essentially the same argument that Jones raises here, that "because Hobbs Act Robbery may also be accomplished by putting someone in 'fear of injury,' 18 U.S.C. § 1951(b), it does not necessarily involve 'the use, attempted use, or threatened use of physical force,' 18 U.S.C. § 924(c)(3)(A)." United States v. Howard, 650 Fed App'x. 466, 468 (9th Cir. 2016). The Ninth Circuit held that Hobbs Act Robbery nonetheless qualified as a crime of violence under the force clause:

> [Petitioner's] arguments are unpersuasive and are foreclosed by United States v. Selfa, 918 F.2d 749 (9th Cir. 1990). In Selfa, we held that the analogous federal bank robbery statute, which may be violated by "force and violence, or by intimidation," 18 U.S.C. §

> 2113(a) (emphasis added), qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of "crime of violence" as § 924(c). <u>Selfa</u>, 918 F.2d at 751. We explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm," which satisfies the requirement of a "threatened use of physical force" under § 4B1.2. <u>Id.</u> (quoting <u>United States v. Hopkins</u>, 703 F.2d 1102, 1103 (9th Cir. 1983)). Because bank robbery by "intimidation"—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as [a] crime of violence.

<u>Id.</u>

The Court holds that a Hobbs Act Robbery constitutes a crime of violence under § 924(c)(3)'s force clause. Under the elements set forth in the language of § 1951, Jones's underlying felony offense (Hobbs Act Robbery) is a "crime of violence" because the offense has, "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); <u>see also</u> <u>United States v. Jay</u>, 705 F. App'x 587 (9th Cir. 2017) (*unpublished*) (finding Hobbs Act Robbery a crime of violence). <u>Davis</u> is inapplicable here because Jones's conviction and sentence do not rest on the residual clause of § 924(c). The Court sees no reason to depart from the well-reasoned cases of nine other circuit courts of appeals that have found Hobbs Act Robbery to be a crime of violence after <u>Johnson</u>. <u>See</u> <u>United States v. Garcia-Ortiz</u>, 904 F.3d 102, 106 (1st Cir. 2018); <u>United States v. Hill</u>, 890 F.3d 51, 60 (2d Cir. 2018); <u>United States v. Mathis</u>, 932 F.3d 242, 265-67 (4th Cir. 2019); <u>United States v. Buck</u>, 847 F.3d 267, 274–75 (5th Cir. 2017); <u>United States v. Gooch</u>, 850 F.3d 285, 292 (6th Cir. 2017); <u>United States v. Fox</u>, 878 F.3d 574, 579 (7th Cir. 2017); <u>United States v. Jones</u>, 919 F.3d 1064, 1072 (8th Cir. 2019); <u>United States v. Melgar-Cabrera</u>, 892 F.3d 1053, 1064-6 (10th Cir. 2018); <u>In re Pollard</u>, 931 F.3d 1318 (11th Cir. 2019).

As the Supreme Court found in <u>Stokeling v. United States</u>, 139 S. Ct. 544, 553 (2019), "Robbery . . . has always been within the category of violent, active crimes" that merit enhanced penalties under statutes like 924(c). As stated by the Supreme Court "Congress made clear that the 'force' required for common-law robbery would be sufficient to justify an enhanced sentence." <u>Id.</u> at 551. Like the statute in Florida, Hobbs Act Robbery is "defined as common-law

robbery." United States v. Melgar-Cabrera, 892 F.3d 1053, 1064. Section 924(c) includes crimes that involve "physical force." 18 U.S.C. § 924(c)(3)(A). Stokeling forecloses Petitioner's argument that the "force" required for Hobbs Act Robbery does not meet the standard set by 18 U.S.C. § 924(c)(3)(A).

This reasoning follows through to Defendant's last gasp argument. Defendant argues in his supplemental brief (for the first time) that Hobbs Act Robbery fails to constitute a crime of violence under the elements clause because it does not categorically require the use of intentional force against the person or property of another, but instead, can be committed by causing fear of future injury to property, tangible or intangible. However, "[a] defendant cannot put a reasonable person in fear" of injury to their person or property without "threatening to use force." United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017). "[Robbery] by intimidation thus requires at least an implicit threat to use the type of violent physical force necessary" to satisfy the requirements of the elements clause. Id.; see also Estell v. United States, 924 F.3d 1291,1293 (8th Cir. 2019) (bank robbery by intimidation requires threatened use of force causing bodily harm). Like the court in Mathis, this Court sees no reason to discern any basis in the text of elements clause for creating a distinction between threats of injury to tangible and intangible property for the purposes of defining a crime of violence. 932 F.3d at 266. Therefore, Hobbs Act Robbery constitutes a crime of violence under the elements clause of Section 924(c).

III. Certificate of Appealability

To appeal this order, Jones must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1 (a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotation omitted). This standard is "lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Given contrary holdings in other district courts in the Ninth Circuit, the Court cannot

robbery." United States v. Melgar-Cabrera, 892 F.3d 1053, 1064. Section 924(c) includes crimes that involve "physical force." 18 U.S.C. § 924(c)(3)(A). Stokeling forecloses Petitioner's argument that the "force" required for Hobbs Act Robbery does not meet the standard set by 18 U.S.C. § 924(c)(3)(A).

This reasoning follows through to Defendant's last gasp argument. Defendant argues in his supplemental brief (for the first time) that Hobbs Act Robbery fails to constitute a crime of violence under the elements clause because it does not categorically require the use of intentional force against the person or property of another, but instead, can be committed by causing fear of future injury to property, tangible or intangible. However, "[a] defendant cannot put a reasonable person in fear" of injury to their person or property without "threatening to use force." United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017). "[Robbery] by intimidation thus requires at least an implicit threat to use the type of violent physical force necessary" to satisfy the requirements of the elements clause. Id.; see also Estell v. United States, 924 F.3d 1291,1293 (8th Cir. 2019) (bank robbery by intimidation requires threatened use of force causing bodily harm). Like the court in Mathis, this Court sees no reason to discern any basis in the text of elements clause for creating a distinction between threats of injury to tangible and intangible property for the purposes of defining a crime of violence. 932 F.3d at 266. Therefore, Hobbs Act Robbery constitutes a crime of violence under the elements clause of Section 924(c).

III. Certificate of Appealability

To appeal this order, Jones must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1 (a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotation omitted). This standard is "lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Given contrary holdings in other district courts in the Ninth Circuit, the Court cannot

robbery." United States v. Melgar-Cabrera, 892 F.3d 1053, 1064. Section 924(c) includes crimes that involve "physical force." 18 U.S.C. § 924(c)(3)(A). Stokeling forecloses Petitioner's argument that the "force" required for Hobbs Act Robbery does not meet the standard set by 18 U.S.C. § 924(c)(3)(A).

This reasoning follows through to Defendant's last gasp argument. Defendant argues in his supplemental brief (for the first time) that Hobbs Act Robbery fails to constitute a crime of violence under the elements clause because it does not categorically require the use of intentional force against the person or property of another, but instead, can be committed by causing fear of future injury to property, tangible or intangible. However, "[a] defendant cannot put a reasonable person in fear" of injury to their person or property without "threatening to use force." United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017). "[Robbery] by intimidation thus requires at least an implicit threat to use the type of violent physical force necessary" to satisfy the requirements of the elements clause. Id.; see also Estell v. United States, 924 F.3d 1291,1293 (8th Cir. 2019) (bank robbery by intimidation requires threatened use of force causing bodily harm). Like the court in Mathis, this Court sees no reason to discern any basis in the text of elements clause for creating a distinction between threats of injury to tangible and intangible property for the purposes of defining a crime of violence. 932 F.3d at 266. Therefore, Hobbs Act Robbery constitutes a crime of violence under the elements clause of Section 924(c).

III. Certificate of Appealability

To appeal this order, Jones must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1 (a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotation omitted). This standard is "lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Given contrary holdings in other district courts in the Ninth Circuit, the Court cannot

deny that other reasonable jurists would find it debatable that the Court's determination that Hobbs Act Robbery is a crime of violence pursuant to the force clause of § 924(c) is wrong. See <u>United States v. Chea</u>, No. 4:98-cr-40003-CW, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019); <u>United States v. Dominguez,</u> No. 14-10268 (9th Cir. argued Dec. 10, 2019). Accordingly, the court grants Defendant a certificate of appealability.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Petitioner Leonard Jones's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#42/44/64) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Respondent and against Petitioner in the corresponding civil action, 2:16-cv-01396-KJD, and close that case,

IT IS FURTHER ORDERED that Petitioner is **GRANTED** a Certificate of Appealability.

DATED this 31st day of March 2020.

Kent J. Dawson
United States District Judge